# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

**ROGER DALE LaMAR,**

      **Petitioner,**

v.                                                    **Civil Action No. 2:05-cv-26**
                                                      **(Judge Maxwell)**

**WILLIAM S. HAINES,**

      **Respondent.**

## REPORT AND RECOMMENDATION/OPINION

## I. BACKGROUND

On March 28, 2005, the *pro se* petitioner filed a Petition Under 28 U.S.C. §2254 for a Writ of Habeas Corpus by a Person in State Custody and an Application to Proceed In Forma Pauperis, This matter, which is pending before me for initial review and report and recommendation pursuant to LR PL P 83.13, is ripe for review.

### A. Conviction and Sentence in the Circuit Court of Preston County

The petitioner pled guilty to one count of second degree murder. He was sentenced to an indeterminate sentence of 5-18 years imprisonment. He is currently incarcerated at the Huttonsville Correctional Center.

While the petitioner indicates in his petition that he did not file an appeal from the judgment of conviction, the March 3, 2005 Order of the Circuit Court of Preston County which denied the petitioner's state habeas petition reveals the petitioner filed a direct appeal and the appeal was refused on October 30, 2002. The order also reveals that prior to pleading guilty, the petitioner requested that the indictment be dismissed for violating the one-term rule set forth in W.Va. Code

§62-3-1 . His motion was denied. The petitioner then filed a Petition for Writ of Prohibition and Mandamus with the West Virginia Supreme Court of Appeals regarding the allege violation of the one term rule. His petition was refused.

**B. State Habeas Corpus**

The petitioner filed a petition for writ of habeas corpus in the Circuit Court of Preston County in which he raised the following grounds:

(1) Denial of right to speedy trial.

(2) Language barrier to understanding proceedings.

(3) Ineffective assistance of counsel.

(4) Non-disclosure of grand jury minutes.

(5) Constitutional errors in evidentiary rulings.

(6) Question of actual guilt upon acceptable guilty plea.

The circuit court denied the petition on March 3, 2005.

**C. Federal Habeas Corpus**

The petitioner raises one issue in his §2254 petition - his right to a speedy trial under W.Va. Code §62-3-1 was violated.

## II. ANALYSIS

"It is not the province of a federal habeas court to re-examine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

Several circuits have held that claims of violations of a state's speedy trial statutes are not

cognizable in federal habeas corpus. Hogan v. McBride, 74 F.3d 144, 145 (7th Cir. 1996); Poe v. Caspari, 39 F.3d 204, 207 (8th Cir. 1994), cert. denied, 514 U.S. 1024 (1995); Favors v. Eyman, 466 F.2d 1325, 1327 (9th Cir. 1972).

Consequently, the alleged violation of West Virginia's State Speedy Trial statute is not cognizable in federal habeas corpus, and the petitioner's §2254 petition should be dismissed.

### III.  RECOMMENDATION

It is recommended that the petitioner's §2254 petition be DENIED and DISMISSED WITH PREJUDICE because he failed to raise a claim cognizable in federal habeas corpus. It is further recommended that the petitioner's Application to Proceed In Forma Pauperis be DENIED as Moot because he paid the $5.00 filing fee.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgement of this Court based upon such Recommendation.[1]

The Clerk of the Court is directed to mail a copy of this Report and

---

[1] 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

Recommendation/Opinion to the *pro se* petitioner.

Dated: September 28, 2005

/s *John S. Kaull*
**JOHN S. KAULL**
**UNITED STATES MAGISTRATE JUDGE**