# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ROGER DALE LaMAR,**

    **Petitioner,**

  **v.**                                            **Civil Action No. 2:05 CV 26**
                                                                                                    **(Maxwell)**

**WILLIAM S. HAINES,**

    **Respondent.**

## ORDER

It will be remembered that the above-styled civil action was instituted on March 28, 2005, when *pro se* Petitioner Roger Dale LaMar, an inmate at St. Mary's Correctional Center in St. Mary's, West Virginia[1], filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody and an Application to Proceed *In Forma Pauperis*.

It will further be remembered that the above-styled civil action was referred to United States Magistrate Judge John S. Kaull for initial review and report and recommendation, pursuant to Standing Order of Reference for Prisoner Litigation Filed Pursuant To 28 U.S.C. § 2254 (Standing Order No. 5).

After conducting an initial screening and review, Magistrate Judge Kaull issued a Report And Recommendation/Opinion on September 28, 2005, wherein he recommended that the Petition Under 28 U.S.C. § 2254 for a Writ of *Habeas Corpus* by a Person In State Custody be denied and dismissed with prejudice in light of the fact that the Petitioner had failed to raise a claim cognizable in federal *habeas corpus*. Additionally, Magistrate

---

[1] It should be noted that at the time he filed the above-styled *habeas corpus* action, the Petitioner was an inmate at Huttonsville Correctional Center in Huttonsville, West Virginia.

Judge Kaull's September 28, 2005, Report And Recommendation/Opinion recommended that the Petitioner's Application to Proceed *In Forma Pauperis* be denied as moot in light of the fact that the Petitioner had paid the $5.00 filing fee.

In his Report And Recommendation/Opinion, Magistrate Judge Kaull provided the Petitioner with ten days from the date he was served with a copy of said Report And Recommendation/Opinion in which to file objections thereto and advised the Petitioner that a failure to timely file objections would result in the waiver of his right to appeal from a judgment of this Court based upon said Report And Recommendation/Opinion.

Thereafter, by Order entered October 17, 2005, the Court granted a Motion For Continuance filed by the Petitioner on October 5, 2005, and gave the Petitioner thirty days from the date of entry of said Order in which to file his objections to Magistrate Judge Kaull's Report And Recommendation/Opinion.

The Court's review of the docket in the above-styled civil action has revealed that the Petitioner has not, to date, filed any objections to Magistrate Judge Kaull's September 28, 2005, Report And Recommendation/Opinion.

Upon consideration of Magistrate Judge Kaull's September 28, 2005, Report and Recommendation/Opinion, and having received no written objections thereto[2], it is

**ORDERED** that the Report And Recommendation/Opinion entered by United States Magistrate Judge John S. Kaull on September 28, 2005 (Docket No. 11), be, and the same hereby is, **ACCEPTED** in whole and that this civil action be disposed of in accordance with the recommendation of the Magistrate Judge. Accordingly, it is

**ORDERED** that the Petitioner's Petition under 28 U.S.C. § 2254 for Writ of *Habeas*

---

[2] The failure of a party to objection to a Report And Recommendation waives the party's right to appeal from a judgment of this Court based thereon and, additionally, relieves the Court of any obligation to conduct a *de novo* review of the issues presented. See Wells v. Shriners Hospital, 109 F.3d 198, 199-200 (4th Cir. 1997); Thomas v. Arn, 474 U.S. 140, 148-153 (1985).

*Corpus* by a Person in State Custody (Docket No. 1), be, and the same is hereby, **DENIED** and **DISMISSED, with prejudice**, in light of the Petitioner's failure to raise a claim cognizable in federal *habeas corpus*. It is further

**ORDERED** that the Petitioner's Application to Proceed *In Forma Pauperis* (Docket No. 3), be, and the is hereby, **DENIED** as moot in light of the fact that the Petitioner had paid the $5.00 filing fee.

It is further

**ORDERED** that the Clerk of Court shall enter judgment for the Respondent. It is further

**ORDERED** that, should the Petitioner desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $450.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, the Petitioner may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court Of Appeals For The Fourth Circuit.

**ENTER:** March   5  , 2008

                                                 **/S/ Robert E. Maxwell**
                                                 United States District Judge